**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G Boyle, Sr, | No. CV-25-00444-TUC-SHR |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| United States of America, | |
| Defendant. | |

On August 6, 2025, Plaintiff filed a "Complaint for Federal Stewardship Determination," asking the Court to, among other things, declare him the "federal steward" of a parcel of "federal patent land . . . located in Arizona," "[s]tay all proceedings in Pima County Superior Court Case C20253183 pending federal determination," and "[d]eclare state courts lack jurisdiction over federal patent stewardship matters." (Doc. 1.) Plaintiff has also filed an "Emergency Motion for Temporary Restraining Order" (Doc. 2) and a "Motion for Expedited Hearing on Federal Stewardship Determination" (Doc. 4). Plaintiff asserts the Court has "exclusive subject matter jurisdiction" over the present action under 28 U.S.C. § 1331 because it involves federal land patent rights protected under 43 U.S.C. § 945. (Doc. 1 at 3.) The Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and deny the pending motions as moot.

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

365, 374 (1978). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting jurisdiction bears the burden of proving its existence. *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).

Federal land patents do not provide a basis for federal question jurisdiction.[1] *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (noting the view that federal land patents do not confer federal question jurisdiction has been "repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts"); *see Shulthis v. McDougal*, 225 U.S. 561, 570 (1912) (explaining it is well established that "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress"). Plaintiff provides no authority to the contrary. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (stating a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" to establish jurisdiction under § 1331 (citation omitted)). And, although Plaintiff names the United States as the defendant in this action, "federal jurisdiction [cannot] be predicated merely on the fact that the United States is a party." *Wells v. Long*, 162 F.2d 842, 844 (9th Cir. 1947). Accordingly,

**IT IS ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** Plaintiff's Motions for Temporary Restraining Order (Doc. 2) and for Expedited Hearing (Doc. 4) are **DENIED AS MOOT**.

---

[1] In June 2025, Plaintiff removed to this Court a state-court quiet-title action and an application for confirmation of an arbitration award against him, citing 43 U.S.C. § 945 as the basis for federal jurisdiction. (*See Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996 v. Boyle et al.*, Nos. 25-CV-00273-JCH, 25-CV-00274-SHR.) In both cases, the Court advised Plaintiff federal land patents do not confer federal question jurisdiction and remanded the actions to state court. (Doc. 12 in No. 25-CV-00273-JCH; Docs. 9, 12 in 25-CV-00274-SHR.) Should Plaintiff file any future lawsuits concerning the same or similar subject matter without a reasonable basis for jurisdiction above and beyond § 945 and federal land patents, he may be subject to an appropriate sanction for filing a frivolous lawsuit. *See* Fed. R. Civ. P. 11.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 22nd day of August, 2025.

Honorable Scott H. Rash
United States District Judge

- 3 -